IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| LESLIE MCTIGHE,<br><br>    Plaintiff,<br><br>v.<br><br>KARWIN TERRY and JOHN DOE,<br><br>    Defendants. | CIVIL ACTION NO.:<br><br>Jury Trial Demanded |

## COMPLAINT FOR DAMAGES

Plaintiff Leslie McTighe hereby files this Complaint against Defendants Karwin Terry and John Doe, showing this Honorable Court and the jury as follows:

### PARTIES

1. Plaintiff Leslie McTighe is an adult resident of the State of Georgia who was detained at the Floyd County Jail during the events alleged in the Complaint.

2. Defendant Karwin Terry is an adult resident citizen of the State of Georgia. Defendant Terry is, and was during all times relevant to this Complaint, a jail officer with the Floyd County Sheriff's Office.

3. Defendant John Doe is an adult resident citizen of the State of Georgia. Defendant Doe is, and was during all times relevant to this Complaint, a member of

1

the Floyd County Jail "Medical Department" staff.  Defendant Doe can be further identified by the fact that Defendant Doe denied Ms. McTighe's request for medical treatment, specifically Sick Call No. 33747372.

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction under 28 U.S.C. § 1331, as several of Plaintiff's claims arise under federal law.  The Court has supplemental jurisdiction over the state law claims, which are part of the same case or controversy. 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over the defendants because they are each resident citizens of Georgia, and because the conduct giving rise to this action occurred in Georgia.

6.     Venue is proper in the Northern District of Georgia because the events giving rise to this action occurred in Floyd County, Georgia.  28 U.S.C. § 1391(b)(2).

## FACTS

7.     From November 28, 2023 through January 22, 2024, Plaintiff Leslie McTighe was held at the Floyd County Jail as a pretrial detainee.

8.     Upon her arrival on November 28, 2023, officials provided Ms. McTighe with a pregnancy test, which was negative.

9. On or around December 20, 2023, Ms. McTighe submitted a written "Sick Call" request, in which she expressed concern that she was pregnant and asked for another pregnancy test.

10. Jail staff from the "Medical Department" denied the request, noting that Ms. McTighe had been given a pregnancy test "at intake" (over three weeks earlier).

11. Ms. McTighe continued to reiterate her request, and Jail officials continued to deny it, including in a response to Sick Call No. 33747372 from John Doe, a staff member in the "Medical Department."

12. Shortly after Ms. McTighe left the Floyd County Jail on January 22, 2024, she was transferred to another facility and given a pregnancy test, which confirmed that she was pregnant. She had been pregnant since before she entered the Floyd County Jail. Her child was born on August 4, 2024.

13. Ms. McTighe therefore went nearly two months without receiving prenatal care or even speaking with a qualified provider about her pregnancy. She also went a month without receiving such care after she had requested an additional pregnancy test on or around December 20, 2023.

14. Additionally, on December 14, 2024, Floyd County Sheriff's Deputy Karwin Terry took Ms. McTighe out of her cell and brought her to the day room in her unit.

15. Virtual visits (via videoconference) were in progress in the day room area, and at least one detainee was visiting with her family.

16. In full view of a male officer in the tower for Ms. McTighe's unit (and potentially other male officers), multiple other detainees, <u>and the camera for the remote/video visit another detainee was having with her family</u>, Deputy Terry required Ms. McTighe to undress completely.

17. Ms. McTighe was then strip-searched and sprayed with delousing agent, again in view of the other inmates, male officer, and the family who was virtually visiting another detainee.

18. The incidents described above caused Ms. McTighe to suffer humiliation, mental anguish and distress, and PTSD. The search and delousing incident caused her to lose her sense of security and suffer from anxiety, mental pain, and a sense of continued humiliation. The Jail's failure to provide her with a pregnancy test and subsequent prenatal care after she continuously requested the same caused her to suffer anxiety, stress, and severe concern for her health and that of her unborn child.

## COUNT ONE
*Unlawful Search in Violation of the Fourth and Fourteenth Amendments, 42 U.S.C. § 1983*
**(against Defendant Terry)**

19. Plaintiff hereby adopts, incorporates, and realleges Paragraphs 1–7 and 14–18 as if fully set forth herein.

20. Plaintiff was subject to an unreasonable strip search at the hands of Defendant Terry, who was acting under the color of law with the authority of the Floyd County Sheriff's Office.

21. Pretrial detainees such as Plaintiff retain a constitutional right to bodily privacy, and strip searches must be reasonable.

22. The strip search of Plaintiff was unreasonable because Defendant Terry deliberately conducted it in the day room, in the presence of other inmates, male officers, and jail visitors.

23. Defendant Terry initiated the strip search in such a manner for the sole purpose of humiliating, degrading, shaming, embarrassing, and inflicting psychological pain on Plaintiff.

24. Defendant Terry knew her conduct violated Plaintiff's constitutional rights.

25. Defendant Terry is therefore liable to Plaintiff under the Fourth and Fourteenth Amendments, and under 42 U.S.C. § 1983.

## COUNT TWO
*Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendments, 42 U.S.C. § 1983*
**(against Defendant Terry)**

26. Plaintiff hereby adopts, incorporates, and realleges Paragraphs 1–7 and 14–18 as if fully set forth herein.

27. Plaintiff was subject to an unreasonable strip search and delousing at the hands of Camden County Correction Officers, acting under the color of law with the authority of the Camden County Sheriff's Office.

28. Pretrial detainees retain a constitutional right to bodily privacy.

29. The strip search and delousing of Plaintiff were devoid of penological merit and imposed simply to inflict pain.

30. Specifically, the strip search and delousing were devoid of penological merit and imposed simply to inflict pain due to the way they were conducted — in the day room, in the presence of other inmates, male officers, and jail visitors.

31. Defendant Terry engaged in this conduct for the sole purpose of humiliating, degrading, shaming, embarrassing, and inflicting psychological pain on Plaintiff.

32. Defendant Terry knew her conduct violated Plaintiff's constitutional rights.

33. Defendant Terry is therefore liable to Plaintiff under the Eighth and Fourteenth Amendments, and under 42 U.S.C. § 1983.

### COUNT THREE
*Violation of Plaintiff's Due Process Rights Under*
*The Fourteenth Amendment, 42 U.S.C. § 1983*
**(against Defendant Terry)**

34. Plaintiff hereby adopts, incorporates, and realleges Paragraphs 1–7 and 14–18 as if fully set forth herein.

35.     Plaintiff was subject to an unreasonable strip search and delousing at the hands of Defendant Terry, who was acting under the color of law with the authority of the Floyd County Sheriff's Office.

36.     Pretrial detainees retain a constitutional right to bodily privacy.

37.     The strip search and delousing violated Plaintiff's right to bodily privacy due to the way they were conducted — in the day room, in the presence of other inmates, male officers, and jail visitors.

38.     Defendant Terry engaged in this conduct with the sole purpose of humiliating, degrading, shaming, embarrassing, and inflicting psychological pain on Plaintiff.

39.     Defendant Terry knew her conduct violated Plaintiff's constitutional rights.

40.     Defendant Terry is therefore liable to Plaintiff under the Fourteenth Amendments, and under 42 U.S.C. § 1983.

## COUNT FOUR
*Intentional Infliction of Emotional Distress*
**(against Defendant Terry)**

41.     Plaintiff hereby adopts, incorporates, and realleges Paragraphs 1–7 and 14–18 as if fully set forth herein.

42. Plaintiff was subject to extreme and outrageous psychologically damaging tactics at the hands of Defendant Terry, who forced her to strip naked in the presence of other inmates, male officers, and jail visitors.

43. Defendant Terry's conduct caused severe emotional mental and emotional damage to Plaintiff.

44. Standard Operating Procedures of the Floyd County Sheriff's Office specifically mandate that any strip search must be done in a manner that protects the detainee's privacy to the extent feasible. Specifically, Floyd County Jail Standard Operating Procedure ("SOP") Section VI, D-205 specifically states that a strip search "is to be conducted in an area that is secure and separate from other inmates. Only staff members the same sex as the inmate and who are conducting the search are to be present." SOP Section VI, D-20(G). The SOP also provides that a "degree of privacy will be maintained at all times." Section VI, D-205(G)(1). The delousing SOP provides that when an inmate is suspected to have a lice infestation, she will be taken to medical for examination. SOP Section II, D-050(A). If delousing is necessary, the inmate "will be provided towels to cover up with" during the process. SOP Section II, D-050(E).

45. Needless to say, the incident here did not maintain a "degree of privacy," was not conducted in an area "secure and separate from other inmates," and did not occur only in the presence of two staff members of the same sex.

46. Defendant Terry engaged in this conduct for the sole purpose of humiliating, degrading, shaming, embarrassing, and inflicting psychological pain on Plaintiff.

47. Defendant Terry is therefore liable to Plaintiff for intentional infliction of emotional distress (under Georgia state law).

### COUNT FIVE
*Deliberate Indifference to Serious Medical Needs in Violation of the Eighth and Fourteenth Amendments, 42 U.S.C. § 1983*
**(against Defendant John Doe)**

48. Plaintiff hereby adopts, incorporates, and realleges Paragraphs 1–13 and 18 as if fully set forth herein.

49. Plaintiff was pregnant for her entire detention at the Floyd County Jail. Her pregnancy was an objectively serious medical need entitled to protection under the Fourth and Fourteenth Amendments.

50. John Doe subjectively knew that Plaintiff could indeed be pregnant despite the fact that she tested negative <u>the day she arrived at the jail</u>. John Doe subjectively knew that the failure to provide medical care in response to this serious medical need could cause serious harm to Plaintiff.

51. Despite such subjective knowledge, John Doe denied Plaintiff's repeated request for a pregnancy test nearly a month after her arrival at the jail.

52. John Doe therefore deliberately disregarded Plaintiff's serious medical needs, causing her to suffer injuries in the form of severe emotional distress and

PTSD due to the fact that she did not receive a pregnancy test and subsequent prenatal care.

## COUNT SIX
*Expenses of Litigation under O.C.G.A. § 13-6-11*
**(against all Defendants)**

53.    Plaintiff hereby adopts, incorporates, and realleges all prior Paragraphs of this Complaint as if fully set forth herein.

54.    Plaintiff is entitled to recover expenses personally of litigation under O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## COUNT SEVEN
*Punitive Damages*
**(against all Defendants)**

55.    Plaintiff hereby adopts, incorporates, and realleges all prior Paragraphs 1–18 as if fully set forth herein.

56.    By engaging in the above-described conduct, the Individual Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences so as to entitle Plaintiff to punitive damages pursuant to O.C.G.A. § 51-12-5.1 and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays:

a) That this Complaint be filed and summonses be issued as provided by law;

b) That Plaintiff receive a judgment in her favor against Defendants

c) That Plaintiff receive compensatory damages in an amount to be determined by the enlightened conscience of the jury;

d) That Plaintiff be awarded punitive damages in an amount to be determined by the enlightened conscience of the jury;

e) That Plaintiff be awarded attorneys' fees and other costs of litigation, pursuant to e.g., O.C.G.A. § 13-6-11 and 42 U.S.C. § 1988;

f) That all costs of this action be cast upon the Defendants; and

g) That Plaintiff receive such other and further relief as the Court deems just and proper.

Respectfully submitted this the August 16, 2024

**PLAINTIFF DEMANDS A TRIAL BY JURY**

<u>/s/</u>
Derek S. Rajavuori
Georgia Bar No. 577647
**DSR Law, LLC**
6075 Barfield Road
Suite 3300
Sandy Springs, Georgia 30328
678-916-6893
derek@dsrlawyer.com

*Attorney for Plaintiff*